UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABDUL HOWARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>　　　　　Respondent. | Case No. 2:12-cv-01613-MMD-PAL<br><br>ORDER |

The petitioner, who is not in custody, has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*.

The petitioner's application to proceed *in forma pauperis* establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis*, and shall not be required to pay the filing fee for his habeas corpus petition.

Petitioner was convicted on August 8, 2003, and the petition, items 3 and 4, indicate, inaccurately, that no direct appeal and no state post-conviction proceedings were pursued.[1]

---

[1] The Court concludes these statement are inaccurate based upon subsequent responses to questions on the habeas form and upon the orders from the Nevada Supreme Court and state district courts (whi ch are attached to the petition) addressing a post-conviction petition.

It appears to the Court that the Court does not have jurisdiction to hear the petition based on the fact that petitioner is no longer in custody on the challenged conviction and was not in custody at the time the petition was filed. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989) (*per curiam*); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir.1990). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. *Maleng*, 490 U.S. at 492; *Feldman*, 902 F.2d at 1448. In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978 (1998). This requirement is strictly enforced. *Scanio v. U.S.,* 37 F.3d 858, 860-61 (2d Cir. 1994).

According to the petition, petitioner resides in Las Vegas, Nevada, not in a correctional institution. Additionally, according to the inmate records for the Nevada Department of Corrections, of which this Court takes judicial notice, *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988, petitioner discharged all his sentences and was released from prison. Thus, it does not appear that he satisfies the "in custody" requirement of § 2254(a) and it does not appear that he is subject to probation. *See also* Exhibits to Petition, ECF pp. 18-34 of 34. Because petitioner is not in custody as required by 28 U.S.C. § 2254(a), this petition shall be dismissed.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

IT IS FURTHER ORDERED that the habeas corpus petition submitted in this case shall be FILED and docketed by the Clerk.

///
///
///
///

1  IT IS FURTHER ORDERED that the petition is DISMISSED for lack of
2  jurisdiction. The Clerk shall enter judgment accordingly.

4  DATED THIS 23rd day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE