UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABDUL HOWARD,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:12-cv-01613-MMD-PAL<br><br>ORDER |

　　　　The petitioner, who is not in custody, presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. The in *forma pauperis* application was granted, but the petition was dismissed because the petitioner was not in custody at the time his federal petition was filed. *See* Order of October 23, 2012 (dkt. no. 2). Petitioner now seeks reconsideration of that order (dkt no. 6), arguing that because he was in custody at the time he filed his appeal to the Nevada Supreme Court the federal petition should be reviewed. He further argues that the state court proceedings took significantly longer than normal, delaying his attempts to obtain relief. He claims this delay was intentional "because [the opposing parties] new [sic] that petitioner was soon to be released from prison and new [sic]" that petitioner could "persue [sic] further this miscarriage of justice done to [petitioner]."However, this delay allegation is not pertinent to the Court's Order.

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

Petitioner's motion fails to satisfy the requirements of either Rule 59 or 60. Petitioner seeks reconsideration based on his claim that his attempts to obtain relief were obstructed by intentional delays in the proceedings in state court. However, the reason why plaintiff did not file his petition while he was in custody is of no import. What is material is the fact that plaintiff was not in custody at the time the habeas petitioner was filed. Because plaintiff cannot satisfy the custody requirement, no relief can be obtained here. *See Scanio v. U.S.,* 37 F.3d 858, 860-61 (2d Cir. 1994) (the custody requirement is strictly enforced).

///
///
///
///

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (dkt no. 6) is DENIED.  No further documents will be accepted for filing except a proper notice of appeal.

DATED THIS 17th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE